**IT IS ORDERED as set forth below:**

**Date: September 21, 2015**

_____
**Margaret H. Murphy
U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. **14-61109 - MHM** |
| **SHARIAR GOVAHI KASHANI** | ) |
| | ) |
| | ) CHAPTER  **13** |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| | ) |
| **NICHOLAS FINANCIAL INC.,** | ) CONTESTED MATTER |
| | ) |
| Movant, | ) |
| v. | ) |
| **SHARIAR GOVAHI KASHANI, Debtor;** | ) |
| **and ADAM M. GOODMAN, Trustee** | ) |
| Respondents. | ) |

**CONSENT ORDER ON MOTION TO RECONSIDER ORDER MODIFYING
THE AUTOMATIC STAY**

On April 29, 2015, Debtor filed a Motion for Reconsideration of Order Modifying

Automatic Stay (Doc. No. 48) (the "Motion). Hearing was set for May 28, 2015. Nicholas

Financial ("Movant") holds a claim secured by a first priority lien against Debtor's vehicle, a 2007 BMW 5 50I NAV ("Vehicle"). Prior to the hearing, Movant and Debtor agreed to this consent order reimposing the stay, and Chapter 13 Trustee has no opposition. The parties agree as follows:

    1. Debtor shall maintain full coverage comprehensive and collision insurance on the Vehicle, with Movant shown as loss payee for the life of Debtor's Plan;

    2. Debtor shall make all Plan payments to the Chapter 13 Trustee when due, and shall keep Plan payments current for twelve (12) months following the date of entry of this Order;

    3. The automatic stay shall be reimposed as to all creditors until otherwise ordered.

    3. The automatic stay is reimposed as to all creditors until otherwise ordered;

    Upon delinquency by Debtor in regards to paragraphs 1 or 2 above ("Delinquency"), Movant may be permitted to recover and dispose of the Vehicle pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. §362 in the following manner:

    (A)    Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

        (1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice, and

        (2) shall specifically provide the correct street address for mailing or delivering such payment.

Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

(a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-2(b) NDGA, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

(b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

(B)    If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both Debtor and Debtor's counsel:

(1)    a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

(2)    a copy of the Delinquency Notice;

(3)    a proposed order (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "Delinquency Motion").

Upon presentation of said Delinquency Motion, the Court may enter an order modifying the stay as to the Collateral, without further hearing.

Furthermore, upon Movant's exercise of its state law and contractual remedies to sell or otherwise dispose of Vehicle in a commercially reasonable manner, after application of the proceeds to its lawful claim, any remaining proceeds shall be promptly remitted to the Chapter 13 Trustee.

As the parties consent, and Trustee is unopposed, and for good cause shown, it is hereby ORDERED that the agreement of the parties as set forth above is ***approved.***

[ END OF DOCUMENT ]

Prepared by:
_____/s/_____
Celia R. Washington
GA Bar No. 044108
Attorney for Debtor
CLARK & WASHINGTON, P.C.
3300 Northeast Expressway
Building 3, Suite A
Atlanta, GA 30341
(404) 522-2222
*cwashington@cw13.com*

Consented to:

____/s/_____
Andrew D. Gleason
GA Bar No. 297122
Lefkoff, Rubin, Gleason & Russo, P.C.
Attorney for Secured Creditor
5555 Glenridge Connector, Suite 900
Atlanta, GA 30342

No Opposition,

\_\_\_/s/_____
Mandy K. Campbell, Attorney
For the Chapter 13 Trustee
GA Bar No. 142676
260 Peachtree Street
Suite 200
Atlanta, GA  30303
TEL: 678-510-1444
FAX: 678-510-1450

**Distribution List**

CLARK & WASHINGTON, P.C.
3300 Northeast Expressway
Building 3, Suite A
Atlanta, GA 30341

Andrew Gleason
Lefkoff, Rubin, Gleason & Russo, P.C.
5555 Glenridge Connector, Suite 900
Atlanta, GA 30342

Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

Shahriar Govahi-Kashani
324 Declair Way
Marietta, GA 30067